## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SATONJA GRIFFIN,** *et al.***,** | ) | **CASE NO. 1:18-CV-2786** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| **v.** | ) | |
| | ) | |
| **PORTARO GROUP, INC.,** | ) | **OPINION & ORDER** |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Portaro Group, Inc.'s Motion to Stay.  Doc #: 11.  For the

following reasons, Portaro Group's Motion is **GRANTED**.

## I.      Background

Plaintiff Griffin was employed by Portaro Group as an Agent from May 2017 through

October 2018.  Doc #: 1; Compl. ¶ 22.  Plaintiff Minor was employed by Portaro Group as an

Agent, Team Lead, Administrative Manager, and Sales Manager from March 2015 until April

2018.  Compl. ¶ 23.  As Agents, Plaintiffs were paid hourly.  Compl. ¶ 28.  They allege that

throughout their employment at Portaro Group, they were required to work "a substantial amount

of unpaid time, including overtime" as part of their jobs.  Compl ¶ 29.

Both Plaintiffs signed an Arbitration Agreement as a condition of their employment with

Portaro Group.  *See* Doc #: 11-1; Ex. A.  In these Agreements, Plaintiffs agreed to arbitrate "any

and all claims under or relating to any and all employment compensation, employee benefits,

employee severance, or employee incentive bonus plans and arrangements[.]"  *Id.*

On December 3, 2018, Plaintiffs Satonja Griffin and Bianca Minor filed the instant

collective and class action against Portaro Group, alleging violations of federal and state

overtime wage laws.  Doc #: 1; Compl. ¶¶ 1-7.  Plaintiffs filed a Motion for Class Certification on January 25, 2019.  Doc #: 8.  On February 7, 2019, Portaro Group filed the instant Motion to Stay.  Doc #: 11.  Plaintiffs filed their Opposition brief on February 21, 2019.  Doc #: 15. Portaro Group filed its Reply brief on February 28, 2019.  Doc #: 17.

## II.     Analysis

Portaro Group asks the Court to stay this case pending the Supreme Court's ruling in *Lamps Plus, Inc., et al. v. Varela*.  In *Varela v. Lamps Plus, Inc.*, the Ninth Circuit held that an arbitration agreement was ambiguous as to whether class-wide arbitration was permitted, and thus would be construed against the employer to allow class-wide arbitration.  701 F. App'x 670, 670 (9th Cir. 2017).  The Supreme Court granted certiorari to decide whether the Federal Arbitration Act forecloses a state-law interpretation of an arbitration agreement that would authorize class arbitration based solely on general language commonly used in arbitration agreements.  *See Lamps Plus, Inc. v. Varela*, 138 S.Ct. 1697 (2018).  Plaintiffs signed arbitration agreements that were silent as to whether they authorize class arbitrations.  Thus, Portaro Group argues that the Supreme Court's ruling in *Lamps Plus* will determine whether this case proceeds in court or through arbitration.  Accordingly, Portaro Group asks the Court to stay the case until the Supreme Court issues its ruling.

"In exercising its 'substantial discretion to determine whether to grant a stay,' a district court generally considers three factors: (1) 'any prejudice to the non-moving party if a stay is granted,' (2) 'any prejudice to the moving party if a stay is not granted,' and (3) 'the extent to which judicial economy and efficiency would be served by the entry of a stay.'"  *Williams v. City of Cleveland*, No. 1:09CV02991, 2011 WL 2848138, at *2 (N.D. Ohio July 14, 2011) (quoting

*Voeltner v. Gen. Elec. Co.*, No. 2:07CV0943, 2007 WL 4287649, at *1 (S.D. Ohio Dec. 4, 2007)).  The Court finds that each of these factors weigh in favor of staying this case.

First, Plaintiffs will not suffer any prejudice if a stay is granted.  Plaintiffs allege that potential collective class members will be prejudiced by a stay because a stay would not toll the statute of limitations for those potential plaintiffs.  Opp. at 2.  However, Portaro Group agreed to toll the statute of limitations for the duration of the stay.  Reply at 2.  So, Portaro Group has mitigated any potential prejudice Plaintiffs might suffer from a stay.  Plaintiffs give several other reasons why they would be prejudiced by a stay but none of these additional reasons are persuasive.  Plaintiffs argue that Portaro Group can raise the issue of arbitration later in this litigation, without needing the stay, and that the Agreements are unenforceable.  Opp. at 7.  But neither of these additional arguments show how Plaintiffs will be prejudiced by a stay.  Further, the Supreme Court will issue a ruling on *Lamps Plus* this term.  Thus, the stay will last no longer than a few months.  Accordingly, the Court finds that this factor weighs in favor of granting the stay.

Second, Portaro Group—and really Plaintiffs, too—will be prejudiced by not knowing whether the Court or an arbitrator should decide the issues presented in this case, including whether class arbitration is appropriate.  So, the second factor weighs in favor of granting the stay.  Lastly, judicial economy will be served by granting the stay.  The Court will not have to expend any additional resources on this case until the Supreme Court has provided guidance on how this case should proceed.  Accordingly, all three factors weigh in favor of granting the stay.

**III.     Conclusion**

Accordingly, Portaro Group's Motion to Stay is **GRANTED**.  This case is stayed until the Supreme Court issues its ruling in *Lamps Plus*.  Further, the statute of limitations on Plaintiffs' claims is tolled from today until the Court lifts its stay.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster April 12, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**